1  MARTIN D. SINGER (BAR NO. 78166)
   BRIAN G. WOLF (BAR NO. 135257)
2  TODD S. EAGAN (BAR NO. 207426)
   LAVELY & SINGER
3  PROFESSIONAL CORPORATION
   2049 Century Park East, Suite 2400
4  Los Angeles, California 90067-2906
   Telephone: (310) 556-3501
5  Facsimile: (310) 556-3615
   E-mail:    mdsinger@lavelysinger.com
6             bwolf@lavelysinger.com
              teagan@lavelysinger.com
7
   **Attorneys for Plaintiffs**
8  **JENNIFER LOPEZ, MARC ANTHONY**
   **and NUYORICAN PRODUCTIONS, INC.**
9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                                        CV09-01345 AHM (CWx)

13  JENNIFER LOPEZ, an individual;   )   CASE NO.
    MARC ANTHONY, an individual;     )
14  NUYORICAN PRODUCTIONS,           )   **COMPLAINT FOR:**
    INC., a California corporation,  )
15                                   )   1.  **VIOLATION OF CIVIL**
            Plaintiffs,              )       **CODE §3344;**
16                                   )
                                     )   2.  **MISAPPROPRIATION OF**
17     vs.                           )       **THE COMMON LAW**
                                     )       **RIGHT OF PUBLICITY;**
18  SILVER CROSS (UK) LTD., an       )
    entity form unknown; SILVER      )   3.  **FALSE DESIGNATION OF**
19  CROSS AMERICA LIMITED, an        )       **ORIGIN (VIOLATION OF**
    entity form unknown; and DOES 1 -)      **THE LANHAM ACT, 15**
20  10, inclusive,                   )       **U.S.C. § 1125(a));**
                                     )
21          Defendants.              )   4.  **DILUTION OF COMMON**
                                     )       **LAW TRADEMARK;**
22                                   )
                                     )   5.  **COPYRIGHT**
23                                   )       **INFRINGEMENT;**
                                     )
24                                   )   6.  **UNJUST ENRICHMENT;**
                                     )
25                                   )   7.  **ACCOUNTING; and**
                                     )
26                                   )   8.  **PRELIMINARY AND**
                                     )       **PERMANENT INJUNCTION.**
27  _____ )
                                         ***DEMAND FOR JURY TRIAL***
28

Dockets.Justia.com

Plaintiffs JENNIFER LOPEZ ("Lopez"), MARC ANTHONY ("Anthony"), and NUYORICAN PRODUCTIONS, INC. ("Nuyorican") (collectively and individually "Plaintiffs") allege as follows:

**THE NATURE OF THIS ACTION**

1.     Defendants Silver Cross (UK) Ltd. and Silver Cross America Limited (collectively "Defendants") have knowingly and intentionally misappropriated and used the names, images, likenesses and photographs of Lopez and Anthony to market and sell Defendants' line of high-end baby carriages throughout the world. Through the unauthorized commercial use of the names, images, likenesses and photographs of Lopez and Anthony, Defendants have intentionally deceived the public into believing that Lopez and Anthony endorse and sponsor Defendants' products, and that Lopez and Anthony are otherwise affiliated with Defendants' business and products. The fact is that Lopez and Anthony do not endorse or sponsor Defendants' products, nor are they in any manner affiliated with Defendants' business or products. Lopez and Anthony have not authorized Defendants to use their names, images, likenesses or photographs to market, advertise or sell Defendants' products, and Defendants' commercial use of Plaintiffs' name, image, likeness or photograph to market, advertise and sell Defendants' products constitutes a brazen and intentional misappropriation of Plaintiffs' rights.

2.     Lopez and Anthony have invested considerable time, money and energy in the development of their respective prominence and prestige in the public eye and in the development and success of the products and trademarks for Lopez's lines of apparel, cosmetics and fragrances. Defendants have sought to illegally capitalize on Plaintiffs' hard work, reputations and world-wide celebrity and recognition by misappropriating and using Plaintiffs' names, images, likenesses and photographs for their own benefit and financial gain.

///

///

**JURISDICTION & VENUE**

3.     This action arises under the United States Copyright Act, 17 U.S.C. § 101, *et seq.* and the Lanham Act, 15 U.S.C. § 1111, *et seq.* based on acts of copyright and trademark infringement committed in the United States. This Court has exclusive jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338 (copyright and trademark jurisdiction).

4.     Venue lies within this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400.

**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

**THE PARTIES**

5.     Lopez is, and at all times relevant hereto was, a part-time resident of the County of Los Angeles, State of California, whose principal place of business is located in the County of Los Angeles, State of California.

6.     Anthony is, and at all times relevant hereto was, a part-time resident of the County of Los Angeles, State of California, whose principal place of business is located in the County of Los Angeles, State of California.

7.     Nuyorican is, and at all times relevant hereto was, a California corporation doing business in the County of Los Angeles, State of California, with its principal place of business located in the County of Los Angeles, State of California.

8.     Plaintiffs are informed and believe and based thereon allege that defendant Silver Cross (UK), Ltd. ("SCL") is and was at all times relevant to this action was a business entity, form unknown, doing business in the County of Los Angeles, State of California, and with retail distributors of its products in the City of Los Angeles, State of California.

///

///

1    9.    Plaintiffs are informed and believe and based thereon allege that
2    defendant Silver Cross America Limited ("SCAL") is and was at all times relevant
3    to this action was a business entity, form unknown, doing business in the County of
4    Los Angeles, State of California, and with retail distributors of its products located
5    in the City of Los Angeles, State of California.
6    10.    Plaintiffs are informed and believe and based thereon allege that the
7    fictitiously named Defendants sued herein as Does 1 through 10, inclusive, and each
8    of them, were in some manner responsible or legally liable for the actions, events,
9    omissions, transactions and circumstances alleged herein.    The true names and
10   capacities of said fictitiously named Defendants, whether individual, corporate,
11   partnership, associate or otherwise, are presently unknown to Plaintiffs, and Plaintiffs
12   will seek leave of Court to amend this Complaint to assert the true names and
13   capacities of said fictitiously named Defendants when the same have been
14   ascertained.
15   11.    Plaintiffs are informed and believe and based thereon allege that at all
16   times relevant to this action, each of the Defendants or their agents, partners,
17   representatives, employees and/or joint venturers of the remaining Defendants, and
18   each of them, are, and at all times mentioned herein were, acting within the course of
19   the scope of such agency, partnership, representation, employment and/or joint
20   venture. Plaintiffs are further informed and believe and based thereon allege, that the
21   actions herein alleged concerning each such Defendant were known to, authorized by,
22   and/or ratified by the other Defendants, and each of them.
23   12.    Plaintiffs allege on the basis of information and belief that SCL, SCAL
24   and Does 1 through 10 intermingled their assets and identities to such an extent that
25   they are alter egos of one another, and/or that SCL, SCAL, and Does 1 through 10,
26   inclusive, are a mere shell by which said Defendants conduct business.  Plaintiffs
27   further allege on the basis of information and belief that each of the Defendant
28   entities failed to maintain corporate identities separate and distinct from one another

1 | such that the adherence to the function of the separate existence of each of those
2 | entities would promote injustice and sanction fraud upon Plaintiffs. Plaintiffs are
3 | further informed and believe and based thereon allege, that Does 1 through 10,
4 | inclusive, were and are completely owned, controlled, dominated, used, managed and
5 | operated by and on behalf of one or more of the other Defendants and intermingled
6 | their assets and identities to such an extent that Does 1 through 10, inclusive, are the
7 | alter egos of said Defendants, and are one and the same entity.

8 |

9 | **DEFENDANTS' WRONGFUL CONDUCT**

10 |       13.     Lopez and Anthony are universally-known entertainers whose names,
11 | photographs, images and likenesses are recognized instantly by the public and have
12 | substantial commercial value. Lopez and Anthony exercise careful consideration
13 | prior to permitting commercial use of their names, photographs, images or likenesses
14 | for any purpose in order to ensure that they are associated with products,
15 | entertainment, services and/or companies in which they personally believe, and to
16 | ensure that the value of their respective personas are not diminished either by
17 | association with products, entertainment, services and/or companies which they do
18 | not personally desire to support and/or by over-saturation of their images. Lopez and
19 | Anthony will not appear in print or other media to endorse or promote a product
20 | unless they carefully select and approve of the product or service and unless the
21 | compensation is commensurate with both the value of the exploitation of their
22 | personas, and is sufficient to compensate them for any potential diminution in value
23 | resulting from the commercial use of their personas.
24 |       14.     Furthermore, Lopez produces and markets several lines of apparel,
25 | cosmetics and fragrances under the trademarks "Jennifer Lopez" and "J.Lo," among
26 | others. These trademarks are known and recognized throughout the world and the
27 | public associates the apparel, cosmetics and fragrances marketed and advertised
28 | under these names with the reputation, goodwill and glamour of their namesake,

Jennifer Lopez. The public also associates these trademarks with high-quality and high-fashion.

15. Fully aware of Lopez and Anthony's star power and worldwide fame and recognition, beginning in or around March 2008 and continuously thereafter, Defendants have commercially used and publicly distributed, posted and disseminated extensive marketing and promotional materials using Lopez and Anthony's names, photographs, images, likenesses and trademarks without their consent to promote Defendants' baby carriages throughout California and the world on Defendants' internet websites and in electronic advertising newsletters. For example, Defendants' website www.silvercross.co.uk displays a photograph of Lopez and Anthony pushing two Silver Cross Balmoral baby carriages (located at http://www.silvercross.co.uk/blog/?p=39), with a caption proclaiming the following:

> "Jennifer Lopez will be the envy of Long Island when
> she's out and about with her new baby twins, thanks to the
> two beautiful Onyx Black Silver Cross Balmoral prams she
> has taken for the pair (see above). Silver Cross was invited
> to the world exclusive first photoshoot of the new Lopez
> twins . . . Little Maximiano and Emelina (Max & Emme)
> will enjoy the greatest comfort in the iconic British classics
> that Jennifer ordered from exclusive baby boutique Petit
> Tresor. The twins were pictured recently at home with
> their proud mum and dad, along with their beautiful new
> hand made Silver Cross carriages."

16. Defendants have published and distributed the above-referenced photograph of Lopez and Anthony (hereinafter the "Photograph") and caption on their website and in various print and electronic media and newsletters. In so doing, Defendants sought to associate their products with the reputations, goodwill and glamour of Lopez and Anthony, as well as Lopez's world-famous brand of apparel,

cosmetics and fragrances. On further information and belief, Defendants have circulated press releases containing the above-referenced Photograph and caption to media outlets worldwide for publication.

17. On or about April 25, 2008, counsel for Plaintiffs served Defendants with a written demand that Defendants immediately cease and desist from further use of Lopez and Anthony's names, likenesses, images, photographs and trademarks. Despite that notice and demand, Defendants have failed and refused, and continue to fail and refuse, to comply with Plaintiffs' demand. Accordingly, Defendants continue to knowingly and intentionally misappropriate and commercially use Plaintiffs' names, images, likenesses and photographs without right or authority.

## FIRST CLAIM FOR RELIEF

### (By Lopez and Anthony for Violation of Civil Code Section 3344
### Against All Defendants)

18. Plaintiffs repeat, reallege, adopt and incorporate each and every allegation contained in Paragraphs 1 through 17, inclusive, as though fully set forth herein.

19. Through her hard work and use of her talent in the field of entertainment, Lopez's name, image, likeness, photograph and persona have become, and are, very valuable throughout the United States and worldwide and were, and are, invested with substantial goodwill in the eyes of the pubic. Accordingly, Lopez's valuable right of publicity has substantial commercial value which she has not agreed to license or transfer, in whole or in part, to Defendants, or any of them, for any purpose whatsoever.

20. Like Lopez, through his hard work and use of his talent in the field of entertainment, Anthony's name, image, likeness, photograph and persona have become, and are, very valuable throughout the United States and worldwide and were, and are, invested with substantial goodwill in the eyes of the pubic. Accordingly,

1  Anthony's valuable right of publicity has substantial commercial value which he has

2  not agreed to license or transfer, in whole or in part, to Defendants, or any of them,

3  for any purpose whatsoever.

4      21.   Plaintiffs have carefully developed and cultivated their respective images

5  and personas resulting in their worldwide recognition and the goodwill associated

6  therewith. Defendants have, without right, title or authorization misappropriated and

7  commercially used Plaintiffs' valuable publicity rights in and to Plaintiffs' names,

8  images, likenesses, photographs and the resulting success and popularity of Plaintiffs,

9  by illegally using their names, images, likenesses and photographs for the aforesaid

10  commercial purposes, including the marketing, advertising and selling Defendants'

11  line of baby carriages.

12      22.   The conduct of Defendants as alleged hereinabove, constitutes a

13  violation of Section 3344 of the California Civil Code due to the knowing and

14  unauthorized use by Defendants of the names, images, likenesses and photographs

15  of Plaintiffs for commercial use without authority or consent.

16      23.   Plaintiffs allege that unless temporarily, preliminarily and permanently

17  enjoined and restrained by order of this Court, Defendants' continued acts will cause

18  Plaintiffs severe and irreparable injury, which cannot be adequately compensated by

19  monetary damages. By reason of the foregoing, Plaintiffs are entitled to preliminary

20  and permanent injunctive relief, enjoining further commercial exploitation of

21  Plaintiffs' names, images, likenesses, photographs and identities by Defendants.

22      24.   As a direct and proximate result of the aforesaid wrongful acts of

23  Defendants, Plaintiffs have suffered damages, including damage to the value of their

24  respective names, images, likenesses and goodwill. As a further direct and proximate

25  result of the aforesaid acts by Defendants, Defendants have earned profits attributable

26  to their unauthorized commercial use and exploitation of Plaintiffs' respective names,

27  images, likenesses and identities. The amount of said ill-gotten gains and profits has

28  yet to be ascertained. Consequently, Defendants have thereby been unjustly enriched.

1 Plaintiffs are entitled to recover all said unjust enrichments, including all profits
2 earned by Defendants as a result of Defendants' unauthorized misappropriation and
3 commercial use of Plaintiffs' valuable publicity and property rights as herein alleged.

4     25.     As a direct and proximate result of the aforesaid wrongful acts of
5 Defendants, Plaintiffs have suffered and continue to suffer damages in an amount to
6 be proven at trial, but is believed to be in excess of Five Million Dollars ($5,000,000).
7 Plaintiffs will seek leave to amend this Complaint to allege the precise amount when
8 same is ascertained.

9     26.     As a direct and proximate result of the aforesaid wrongful acts of
10 Defendants and each of them, Plaintiffs have incurred, and will continue to incur,
11 substantial attorney's fees and costs. Plaintiffs are entitled to an award of their
12 attorney's fees and costs incurred in connection with this action pursuant to Section
13 3344(a) of the California Civil Code.

14     27.     By reason of the aforesaid wrongful acts of Defendants, and each of
15 them, in addition to the relief set forth hereinabove, Plaintiffs are entitled to an
16 accounting of all gross revenues and profits received, directly and indirectly, by
17 Defendants, and each of them, as a result of the unauthorized use of Plaintiffs' names,
18 images, likenesses and photographs and to an award of all such sums. By reason of
19 Defendants, and each of their, wrongful acts as alleged hereinabove, Defendants, and
20 each of them, are involuntary trustees holding all such sums in their possession under
21 a constructive trust for the benefit of Plaintiffs with a duty to transfer the same to
22 Plaintiffs forthwith.

23     28.     Plaintiffs are informed and believe and based thereon allege that
24 Defendants, in doing the things herein alleged, acted willfully, maliciously,
25 oppressively and with full knowledge of the adverse effects of their actions on
26 Plaintiffs, and with willful and deliberate disregard to the consequences to Plaintiffs
27 such as to constitute oppression, fraud or malice, and that such actions were
28 authorized, ratified and adopted by the officers, directors and/or managing agents of

Defendants. As a direct result of the fraudulent, willful and malicious conduct of Defendants, Plaintiffs are entitled to exemplary and punitive damages in an amount to be determined as appropriate by the court.

## SECOND CLAIM FOR RELIEF

### (By Lopez and Anthony for Misappropriation of Common Law Right of Publicity Against All Defendants)

29.    Plaintiffs repeat, reallege, adopt and incorporate each and every allegation contained in Paragraphs 1 through 17, inclusive, as though fully set forth herein.

30.    Through her hard work and use of her talent in the field of entertainment, Lopez's name, likeness, photograph and persona have become, and are, very valuable throughout the United States and worldwide and were, and are, invested with substantial goodwill in the eyes of the public. Accordingly, Lopez's valuable right of publicity has substantial commercial value which she has not agreed to license or transfer, in whole or in part, to Defendants, or any of them, for any purpose whatsoever.

31.    Likewise, through his hard work and use of his talent in the field of entertainment, Anthony's name, likeness, photograph and persona have become, and are, very valuable throughout the United States and worldwide and were, and are, invested with substantial goodwill in the eyes of the public. Accordingly, Anthony's valuable right of publicity has substantial commercial value which he has not agreed to license or transfer, in whole or in part, to Defendants, or any of them, for any purpose whatsoever.

32.    Defendants have, without any right, title, or authorization misappropriated Plaintiffs' valuable publicity rights in and to their respective names, likenesses and photographs and the resulting success and popularity of Plaintiffs, by using Plaintiffs' names, likeness, and photographs for the aforesaid commercial

1  purposes, including without limitation marketing, advertising, and selling
2  Defendants' line of baby carriages.

3      33.    Said misappropriation was for Defendants' pecuniary and commercial
4  advantage, in that Plaintiffs' names, likeness, photographs and identities were
5  exploited with the intention of creating and enhancing Defendants' pecuniary gain
6  and profit resulting from the advertisement, promotion and sale of Defendants'
7  products through the commercial exploitation and use of Plaintiffs' name,
8  photographs, likenesses and identities.

9      34.    Plaintiffs are informed and believe and based thereon allege that
10  Defendants' advertising, promotion and sale of goods misappropriating Plaintiffs'
11  respective valuable publicity rights and property rights, as set forth herein above, has
12  resulted in a dilution of the value of the aforesaid publicity and property rights,
13  thereby diminishing the value of the aforesaid valuable publicity and property rights,
14  all to the detriment and damage of Plaintiffs.

15      35.    Plaintiffs allege that unless temporarily, preliminarily and permanently
16  enjoined and restrained by order of this Court, Defendants' continued acts will cause
17  Plaintiffs severe and irreparable injury, which cannot be adequately compensated by
18  monetary damages.  By reason of the foregoing, Plaintiffs are entitled to preliminary
19  and permanent injunctive relief, enjoining further commercial exploitation of
20  Plaintiffs' names, photographs, likenesses and identities by Defendants.

21      36.    As a direct and proximate result of the aforesaid wrongful acts by
22  Defendants, Plaintiffs have suffered damages, including damage to the value of their
23  respective names, likenesses and goodwill.  As a further direct and proximate result
24  of the aforesaid acts by Defendants, Defendants have earned profits attributable to
25  their unauthorized commercial use and exploitation of Plaintiffs' respective names,
26  likenesses and identities.  The amount of said ill-gotten gains and profits has yet to
27  be ascertained.  Consequently, Defendants have thereby been unjustly enriched.
28  Plaintiffs are entitled to recover all said unjust enrichments, including all profits

1  earned by Defendants as a result of Defendants' unauthorized misappropriation and
2  commercial use of Plaintiffs' valuable publicity and property rights as herein alleged.

3       37.   As a direct and proximate result of the aforesaid wrongful acts of
4  Defendants, Plaintiffs have suffered and continue to suffer damages in an amount to
5  be proven at trial, but is believed to be in excess of Five Million Dollars ($5,000,000).
6  Plaintiffs will seek leave to amend this Complaint to allege the precise amount when
7  same is ascertained.

8       38.   Plaintiffs are informed and believe and based thereon allege that
9  Defendants, in doing the things herein alleged, acted willfully, maliciously,
10 oppressively and with full knowledge of the adverse effects of their actions on
11 Plaintiffs, and with willful and deliberate disregard to the consequences to Plaintiffs
12 such as to constitute oppression, fraud or malice, and that such actions were
13 authorized, ratified and adopted by the officers, directors and/or managing agents of
14 Defendants. As a direct result of the fraudulent, willful and malicious conduct of
15 Defendants, Plaintiffs are entitled to exemplary and punitive damages in an amount
16 to be determined as appropriate by the court.

17

18                          **THIRD CLAIM FOR RELIEF**
19    **(By Lopez for False Designation of Origin (Violation of the Lanham Act, 15**
20             **U.S.C. § 1125(a) *et seq.*) Against All Defendants)**

21      39.   Plaintiffs repeat, reallege, adopt and incorporate each and every
22 allegation contained in Paragraphs 1 through 17, 19 through 24, and 30 through 36,
23 inclusive, as though fully set forth herein.

24      40.   At all material times mentioned herein, Lopez has been and is engaged
25 in the production and marketing of high-quality consumer products, including,
26 without limitation, apparel, cosmetics, fragrances, jewelry, eye wear, handbags,
27 watches, footwear and accessories under the trademarks "Jennifer Lopez," "J.Lo by
28

Jennifer Lopez," "Glow by J.Lo," "Glow After Dark by J.Lo," "Still Jennifer Lopez," and "Live Jennifer Lopez," and production and marketing of musical sound and video recordings and live musical performances under the "Jennifer Lopez" trademark (collectively and individually, the "Trademarks").

41.   Lopez first adopted and used each of the Trademarks in commerce prior to Defendants' unauthorized commercial use of Lopez's name, image and likeness referenced herein. Lopez first adopted and used the trademark "Jennifer Lopez" to identify  musical sound and video recordings and live musical performances in or around 1998; "J.Lo by Jennifer Lopez" to identify apparel, cosmetics, fragrances, jewelry, eye wear, handbags, watches, footwear and accessories in or around 2001; "Jennifer Lopez" to identify apparel, cosmetics, fragrances, jewelry and watches in or around 2003; "Glow by J.Lo" to identify cosmetics and fragrances in or around 2002; "Glow After Dark by J.Lo" to identify cosmetics and fragrances in or around 2006; "Still by Jennifer Lopez" to identify cosmetics and fragrances in or around 2003; and "Live by J.Lo" to identify cosmetics and fragrances in or around 2003.

42.   Lopez registered "Jennifer Lopez" (entertainment) as a trademark in the United States Patent and Trademark Office in 2004, under United States Trademark Registration No. 2891473; "J.Lo by Jennifer Lopez" in 2004, Registration Nos. 76976370, 2846281, 3058003, and 3142477; "Glow by J.Lo" in 2004, Registration No. 2878296; "Jennifer Lopez" (cosmetics and fragrances) in 2005, Registration No. 2946847; "Glow After Dark by J.Lo" in 2008, Registration No. 3503536; and "Still by Jennifer Lopez" in 2008, Registration No. 351340; and  "Live Jennifer Lopez" registration application was filed with the Patent and Trademark Office in 2005. Lopez owns and actively protects and exploits each of the aforementioned registrations and Trademarks, which continue to be in full force and effect.

43.   Lopez has used the Trademarks continuously since their adoption to identify consumer goods, including without limitation apparel, cosmetics, fragrances,

jewelry, eye wear, handbags, watches, footwear and accessories. Goods bearing the Trademarks are distributed for sale throughout California and the world.

44.     By virtue of advertising and sales, together with consumer acceptance and recognition, the Trademarks identify consumer goods endorsed by and affiliated with Lopez and distinguish them from other consumer goods produced and distributed by others.  The Trademarks have thus become and are valuable assets identified with and symbolizing Lopez, her quality consumer goods and her goodwill.

45.     Lopez is informed and believes and based thereon alleges that Defendants knowingly misappropriated and used the Trademarks "Jennifer Lopez" and "J.Lo" in connection with the sale, offering for sale, distribution and advertising of its baby carriages throughout California and the world, without the permission or consent of Lopez, to falsely describe or represent that Defendants' business and goods are associated with and/or endorsed by Lopez.  As such, Defendants' use of the Trademarks "Jennifer Lopez" and "J.Lo" is likely to cause confusion, mistake, or deception among consumers as to the source, quality and nature of Defendants' goods and their affiliation, connection, association, sponsorship, or approval by Lopez.

46.     Lopez is informed and believes and based thereon alleges that Defendants intended to, and did, confuse and mislead the public, and did represent and create the false impression that Defendants' goods are endorsed by, authorized, originated, sponsored, approved, licensed or otherwise affiliated with Lopez.

47.     In fact, there is no association or affiliation between Lopez and Defendants, nor has Lopez endorsed, sponsored or approved any products of Defendants.  Lopez has not authorized, licensed, or given permission to Defendants to use her Trademarks nor her name, likeness, or photograph in any commercial or other manner whatsoever.

48.     Lopez is informed and believes and based thereon alleges that as a proximate result of the commercial advantage accruing to Defendants' business from Lopez's worldwide consumer recognition, and as a proximate result of the confusion,

1  deception and mistake caused by Defendants' wrongful advertising and sale of its

2  goods using the Trademarks "Jennifer Lopez" and "J.Lo," Lopez has been deprived

3  the value of the Trademarks as a commercial asset, and sustained substantial injury

4  to her business, reputation, fame and good will, in an amount to be proven at trial, but

5  believed to be in excess of Five Million Dollars ($5,000,000).

6      49.    Lopez is informed and believes, and based thereon alleges that as a

7  proximate result of advantage wrongfully accruing to Defendants' business from

8  Lopez's worldwide consumer recognition, and as a proximate result of the confusion,

9  deception and mistake caused by Defendants' wrongful advertising and sale of its

10  goods using the Trademarks "Jennifer Lopez" and "J.Lo," Defendants have made

11  profits in an amount that cannot be ascertained at this time but are believed to be in

12  excess of the jurisdictional minimum of this Court. Pursuant to 15 U.S. C. § 1117 (a),

13  Lopez is entitled to an order requiring Defendants, and each of them, to account to

14  Lopez for any and all profits derived from its infringement of the Trademarks.

15      50.    Pursuant to 15 U.S.C. § 1116(a), Lopez is entitled to an order enjoining

16  Defendants from using the Trademarks in connection with Defendants' marketing,

17  distribution or sale of any of Defendants' goods or services.

18      51.    Pursuant to 15 U. S. C. § 1117 (a), Lopez is entitled to an award of

19  reasonable attorney's fees incurred in enforcing her rights with respect to the

20  Trademarks and pursuing this Action.

21      52.    Lopez is informed and believes and based thereon alleges, that

22  Defendants' conduct alleged herein was intentional and without foundation in law.

23  Pursuant to 15 U.S. C. § 1117 (a), Lopez is entitled to entitled to an award of treble

24  damages against Defendants, and each of them.

25  ///

26  ///

27  ///

28    ///

# FOURTH CLAIM FOR RELIEF

## (By Nuyorican For Copyright Infringement

## Against All Defendants)

53. Plaintiffs repeat, reallege, adopt and incorporate each and every allegation contained in Paragraphs 1 through 17, inclusive, as though fully set forth herein.

54. Nuyorican is the sole and exclusive owner of the U.S. rights, including the copyright, in and to the Photograph of Lopez and Anthony which Defendants displayed on their website, in electronic newsletters and elsewhere on the internet to advertize their products.

55. Nuyorican registered its copyright interest in and to the Photograph with the United States Copyright Office (hereinafter the "Copyright").

56. By the conduct alleged herein, including the posting, distribution and exploitation of the Photograph on Defendants' website and elsewhere on the internet, Defendants have infringed Nuyorican's exclusive rights under the Copyright Act in and to the Photograph.

57. Nuyorican is informed and believes and thereon alleges that notwithstanding Nuyorican's ownership of the Copyright, Defendants nevertheless intend to continue to infringe Nuyorican's Copyright by posting, distributing and exploiting the Photograph on their website, in electronic newsletters and elsewhere on the internet.

58. The aforementioned acts and conduct of Defendants have caused, and unless restrained and enjoined by the Court, will continue to cause, great and irreparable harm to Nuyorican, which cannot be adequately compensated or measured by money alone. By reason of the foregoing, Nuyorican is entitled to temporary, preliminary and permanent injunctive relief, pursuant to 17 U.S.C. §502, enjoining any infringement of the Copyright.

///

59.     The acts of Defendants complained of herein were done without the agreement or consent of Nuyorican, and said acts constitute acts of copyright infringement under Title 17 of the United States Code.

60.     As a direct and proximate result of the aforesaid infringement and threatened infringements of the Copyright, Nuyorican has sustained, and will continue to sustain, substantial injury in an amount to be proven at trial, but believed to be in excess of Five Million Dollars ($5,000,000).

61.     Nuyorican is informed and believes and thereon alleges that Defendants have and will wrongfully acquire revenues, profits, income and benefits derived from Defendants' infringement of the Copyright, unless and until restrained and enjoined by the Court. Nuyorican is entitled to recover from Defendants all gains, profits and advantages Defendants have obtained by reason of their acts of copyright infringement as alleged hereinabove. Alternatively, Plaintiffs are further entitled to recover from Defendants statutory damages pursuant to 17 U.S.C. § 504(c).

62.     Defendants are involuntary trustees, holding all revenues derived from the exploitation of the Photographs and Defendants' infringement of the Copyright. Defendants hold such monies and funds on behalf of, and subject to a first and prior lien against all others, and in favor of Nuyorican. Nuyorican is entitled to the remedy of imposition of a constructive trust as a result of Defendants' wrongful infringement of the Copyright.

63.     In accordance with 17 U.S.C. §505, as a result of Defendants' willful and intentional infringement of Nuyorican's Copyright, Nuyorican has incurred and will continue to incur attorney's fees and are therefore entitled to recover from Defendant an award of reasonable attorney's fees and costs.

///
///
///
///

## FIFTH CLAIM FOR RELIEF

### (By Lopez For Common Law Trademark Dilution

### Against All Defendants)

64.     Plaintiffs repeat, reallege, adopt and incorporate each and every allegation contained in Paragraphs 1 through 17, 19 through 24, 30 through 36, and 40 through 47, inclusive, as though fully set forth herein.

65.     At all material times mentioned herein, Lopez has been and is engaged in the production and marketing of high-quality consumer products, including, without limitation, apparel, cosmetics, fragrances, jewelry, eye wear, handbags, watches, footwear and accessories under the Trademarks "Jennifer Lopez" and "J.Lo." Lopez is also engaged in the production and marketing of musical sound and video recordings and  live musical performances under the trademarks "Jennifer Lopez" and "J.Lo."

66.     Lopez first adopted and used in commerce the Trademarks "Jennifer Lopez" no later than 1998 and "J.Lo" no later than 2001, to, among other things, uniquely identify, market and sell apparel, cosmetics, fragrances, jewelry, eye wear, handbags, watches, footwear, accessories, musical sound and video recordings and/or live musical performances.

67.     Lopez has commercially used the Trademarks "Jennifer Lopez" and "J.Lo" continuously since their adoption in the advertising and promotion of her brand of apparel, cosmetics, fragrances, jewelry, eye wear, handbags, watches, footwear, accessories, musical sound and video recordings and live musical performances in California and throughout the world.

68.     As alleged hereinabove, Defendants have wrongfully and without authorization used and misappropriated and continue to use and misappropriate the Trademarks "Jennifer Lopez" and "J.Lo" in connection with the sale, offering for sale, distribution and advertising of Defendants' products throughout California and the world, without the permission or consent of Lopez. As such, Defendants' use of

the Trademarks "Jennifer Lopez" and "J.Lo" is likely to cause confusion, mistake or deception among consumers as to the source, quality and nature of Defendants' goods.

69.     There exists an overlap in Lopez's and Defendants' trade areas and the parties' use of the Trademarks "Jennifer Lopez" and "J.Lo," in that both Lopez's and Defendants' products are advertised and sold in the same markets in California and throughout the world.  There exists an overlap in Lopez's and Defendants' goods, in that both Lopez and Defendants are engaged in the marketing and sale of luxury consumer goods.

70.     Lopez's goods have been and are extensively advertised, publicized and sold throughout California and the world under her Trademarks.  By virtue thereof, together with consumer acceptance and recognition of the Trademarks "Jennifer Lopez" and "J.Lo," Lopez's Trademarks identify Lopez's goods only, and distinguish them from those of others.

71.     Lopez's Trademarks are, and since before Defendants' infringing conduct began, continuously have been, widely recognized by the general consuming public in California and the world as a designation of the source of Lopez's goods. Association arising from Defendants' use of the Trademarks "Jennifer Lopez" and "J.Lo" is likely to impair the distinctiveness and harm the reputation and value of Lopez's trademarks.

72.     Defendants' use of the trademarks "Jennifer Lopez" and "J.Lo" is a willful and intentional dilution of Lopez's Trademarks, to Lopez's general damage.

73.     Lopez is informed and believes and based thereon alleges that as a proximate result of advantage accruing to Defendants' business from the unauthorized misappropriation of Lopez's advertising, sales and consumer recognition, and as a proximate result of confusion, deception and mistake caused by Defendants' advertising of their goods using the Trademarks "Jennifer Lopez" and "J.Lo," Lopez has been deprived the value of her Trademarks as a commercial asset,

and caused Lopez to sustain substantial injury to her business, reputation, fame and good will, in an amount to be proven at trial, but believed to be in excess of Five Million Dollars ($5,000,000).

74. Lopez is informed and believes and based thereon alleges that as a proximate result of advantage accruing to Defendants' business from Lopez's worldwide consumer recognition, and as a proximate result of the confusion, deception and mistake caused by Defendants' wrongful advertising and sale of its goods using the Trademarks "Jennifer Lopez" and "J.Lo," Defendants have made profits in an amount that cannot be ascertained at this time but are believed to be in excess of the jurisdictional minimum of this Court.

75. Lopez is informed and believes and based thereon alleges, that unless restrained by this Court, Defendants will continue to infringe Lopez's Trademarks, thus engendering a multiplicity of judicial proceedings, and pecuniary compensation will not afford Lopez adequate relief for the damages to her Trademarks in the public perception.

### SIXTH CLAIM FOR RELIEF

#### (By Lopez and Anthony For Unjust Enrichment
#### Against All Defendants)

76. Plaintiffs hereby repeat, reallege, adopt and incorporate each and every allegation contained in Paragraphs 1 through 17, 19 through 24, 30 through 36, 40 through 47, and 65 through 72, inclusive, of this Complaint as though fully set forth herein.

77. As a result of the wrongful acts of Defendants, and each of them, as hereinabove alleged, Defendants, and each of them, have been unjustly enriched and benefitted. Such unjust enrichment and benefits include, but are not limited to the value of the use of Plaintiffs' names, photographs and likenesses, as well as Lopez's Trademarks, for commercial purposes, as alleged herein.

78.    Defendants, and each of them, are under an obligation to pay Plaintiffs, forthwith, the entire amount by which they have been unjustly enriched, and Plaintiffs are entitled to the imposition of a constructive trust for the benefit of Plaintiffs with a duty to transfer the same to Plaintiffs forthwith.

## SEVENTH CLAIM FOR RELIEF

### (By Lopez and Anthony For An Accounting

### Against All Defendants)

79.    Plaintiffs hereby repeat, reallege, adopt and incorporate each and every allegation contained in Paragraphs 1 through 17, 19 through 24, 30 through 36, 40 through 47, 65 through 72, and 77 through 78, inclusive, of this Complaint as though fully set forth herein.

80.    As alleged hereinabove, Defendants are obligated to accurately and fully account to Plaintiffs for all gross revenues derived from Defendants' exploitation of Plaintiffs' valuable publicity rights in and to Plaintiffs' respective names, photographs, and likenesses and Lopez's Trademarks.

81.    As the rightful owners of all rights in and to their respective publicity rights and the Trademarks, Plaintiffs are entitled to an accounting of any and all monies derived from Defendants' use of the publicity rights and Trademarks.

82.    Due to Plaintiffs' exclusion from exercising control and management over Defendants' wrongful exploitation of Plaintiffs' publicity rights and Trademarks, and the collection, reporting, accounting and distribution of revenues generated therefrom, and the complexity of Defendants' accounts, it is impractical to ascertain the profits derived by Defendants from the unauthorized commercial use and exploitation of Plaintiffs' valuable publicity rights and the Trademarks. The amount of profits derived by Defendants is unknown to Plaintiffs and cannot be fully ascertained without an accounting.

///

# EIGHTH CLAIM FOR RELIEF

## (By Lopez and Anthony For Preliminary and Permanent Injunction
## Against All Defendants)

83.     Plaintiffs hereby repeat, reallege, adopt and incorporate each and every allegation contained in Paragraphs 1 through 17, 19 through 24, 30 through 36, 40 through 47, 65 through 72, and 77 through 78, inclusive, of this Complaint as though fully set forth herein.

84.     Plaintiffs are informed and believe and there on allege that as a result of the conduct of the Defendants as described herein, Plaintiffs have and will continue to suffer great and irreparable harm and damage.

85.     Plaintiffs are informed and believe and based thereon allege that as a result of the conduct of the Defendants described herein, Plaintiffs have sustained and will sustain actual damages that may be difficult to ascertain with certainty.

86.     Plaintiffs allege on information and belief that they have no adequate remedy at law for the injuries which they have suffered and will continue to suffer in the future unless the wrongful conduct of the Defendants, and each of them, is restrained and enjoined, because it is and will be impossible for Plaintiffs to determine the precise amount of damage, and no amount of money can restore the potential harm to Plaintiffs caused by the Defendants, and each of them, as a result of the conduct alleged herein.

87.     Plaintiffs are informed and believe and based thereon allege that there is a serious risk that they will suffer irreparable harm absent injunctive relief sought herein, in that the wrongs that have been and will in the future be performed by Defendants, and each of them, are of a continuing character, and will expose Plaintiffs to continuing injury.  Plaintiffs are further informed and believe and based thereon allege that there is a serious risk that they will suffer irreparable harm absent the injunctive relief sought herein, in that the wrongs that have been and will in the

1  future be done by Defendants, and each of them, will give rise to a multiplicity of
2  judicial proceedings absent the injunctive relief sought herein.

3  88. Accordingly, Plaintiffs seek the issuance of a preliminary injunction
4  enjoining Defendants, and each of them, and their agents and employees, from using
5  Plaintiffs' names, photographs, likenesses and trademarks in connection with the
6  marketing and sale of Defendants' products, including without limitation, baby
7  carriages; and upon a final hearing seek an Order permanently enjoining Defendants,
8  and each of them, and their agents and employees, from same.

9

10  **WHEREFORE,** Plaintiffs pray for judgment against Defendants, and each of
11  them, jointly and severally, as follows:

12

13  **AS TO THE FIRST CLAIM FOR RELIEF:**

14  1. General and special damages in an amount not less than Five Million
15  Dollars ($5,000,000) in accordance with proof at trial;

16  2. For an award of the gross revenues received by Defendants as a result
17  of the unauthorized use of Plaintiffs' name, image, likeness and photographs;

18  3. Exemplary and punitive damages in an amount according to proof at the
19  time of trial;

20  4. Attorney's fees pursuant to California Civil Code § 3344;

21

22  **AS TO THE SECOND CLAIM FOR RELIEF:**

23  5. General and special damages in an amount not less than Five Million
24  Dollars ($5,000,000) in accordance with proof at trial;

25  6. Exemplary and punitive damages in an amount according to proof at the
26  time of trial;

27  ///

28  ///

## AS TO THE THIRD CLAIM FOR RELIEF:

7.     General and special damages in an amount not less than Five Million Dollars ($5,000,000) in accordance with proof at trial;

8.     Treble damages in an amount equivalent to three (3) times Defendants' profits, or actual damages, whichever is greater, pursuant to 15 U.S.C. § 1117(a);

9.     For an order declaring that Defendants hold such profits in trust for Plaintiffs;

10.     For an order of preliminary and permanent injunctive relief, enjoining Defendants from using Plaintiffs' names, likenesses, photographs and Trademarks in connection with the marketing and sale of Defendants' products, including without limitation, baby carriages,  pursuant to 15 U.S.C. § 1116 (a);

11.     Attorney's fees and costs, pursuant to 15 U.S.C. § 1117(a);

## AS TO THE FOURTH CLAIM FOR RELIEF:

12.     General and special damages in an amount not less than Five Million Dollars ($5,000,000) in accordance with proof at trial;

13.     For an order of preliminary and permanent injunctive relief, enjoining Defendants from infringing the Copyright in any manner;

14.     For a full and complete accounting from Defendants for any monies, including any and all revenues, profits, income or other benefits which are directly or indirectly attributable to Defendants' infringement of the Copyright;

15.     For imposition of a constructive trust in view of Defendants' wrongful infringement of the Copyright;

16.     Attorney's fees and costs, pursuant to 17 U.S.C. §§ 502-505;

## AS TO THE FIFTH CLAIM FOR RELIEF:

17.     General and special damages in an amount not less than Five Million Dollars ($5,000,000) in accordance with proof at trial;

18.    Treble damages in an amount equivalent to three (3) times Defendants' profits, or actual damages, whichever is greater;

19.    For an order declaring that Defendants hold such profits in trust for Plaintiffs;

20.    For an order of preliminary and permanent injunctive relief, enjoining Defendants, from using Plaintiffs' names, likenesses, photographs and Trademarks in connection with the marketing and sale of Defendants' products, including without limitation, baby carriages;

**AS TO THE SIXTH CLAIM FOR RELIEF:**

21.    General and special damages in an amount not less than Five Million Dollars ($5,000,000) in accordance with proof at trial;

22.    For imposition of a constructive trust on all monies and sums realized by Defendants as a result of their misappropriation of Plaintiffs' names, likenesses, photographs and Trademarks, and for immediate disgorgement of all such sums to Plaintiffs;

**AS TO THE SEVENTH CLAIM FOR RELIEF:**

23.    A full and complete accounting from Defendants of all profits derived by Defendants, directly and/or indirectly, in connection with the wrongful exploitation of Plaintiffs' publicity rights and/or the Trademarks, and a constructive trust on all such sums for the benefit of Plaintiffs;

**AS TO THE EIGHTH CLAIM FOR RELIEF:**

24.    For an order granting a preliminary injunction enjoining Defendants, and each of them, and their agents and employees, from using Plaintiffs' names, likenesses, photographs and Trademarks in connection with the marketing and sale of Defendants' products, including without limitation, baby carriages; and upon a

final hearing seek an Order permanently enjoining Defendants, and each of them, and their agents and employees, from same.

**AS TO ALL CLAIMS FOR RELIEF:**

      25.    For all costs of suit incurred herein;

      26.    For reasonable attorney's fees as provided by law;

      27.    For interest as may be provided by law; and

      28.    For such other and additional relief as the Court deems just and appropriate.

DATE: February 25, 2009

MARTIN D. SINGER
BRIAN G. WOLF
TODD S. EAGAN
LAVELY & SINGER
PROFESSIONAL CORPORATION

By: _____
          BRIAN G. WOLF
Attorneys for Plaintiffs JENNIFER LOPEZ,
MARC ANTHONY and NUYORICAN
PRODUCTIONS, INC.

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the U.S. Constitution, Rule 38(b) of the Federal Rules of Civil Procedure and Central District of California Local Rule 38-2, Plaintiffs JENNIFER LOPEZ, MARC ANTHONY and NUYORICAN PRODUCTIONS, INC., hereby demand a trial by jury of this action.

DATE: February 25, 2009

MARTIN D. SINGER
BRIAN G. WOLF
TODD S. EAGAN
LAVELY & SINGER
PROFESSIONAL CORPORATION

By: _____
    BRIAN G. WOLF
Attorneys for Plaintiffs JENNIFER LOPEZ,
MARC ANTHONY  and NUYORICAN
PRODUCTIONS, INC.